T.C. Summary Opinion 2009-153


UNITED STATES TAX COURT


SEAN KIERAN HEGARTY AND KERRY ANN HEGARTY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3730-07S.                    Filed October 6, 2009.


Sean Kieran Hegarty and Kerry Ann Hegarty, pro sese.

James L. May, Jr., for respondent.


CARLUZZO, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the year
in issue.  Rule references are to the Tax Court Rules of Practice
and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated November 21, 2006, respondent determined a $23,366 deficiency in petitioners' 2003 Federal income tax.  The issue for decision is whether a trade or business conducted through a limited liability company owned by petitioners constituted a passive activity under section 469(c). The resolution of the issue depends upon whether petitioners "materially participated" in that trade or business during 2003.

<u>Background</u>

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Florida. (References to petitioner are to Sean Kieran Hegarty).

During the year in issue, petitioner was employed full time by Carteret Mortgage Corp.  Kerry Ann Hegarty was employed as a real estate salesperson.

On August 1, 2003, petitioners formed Blue Marlin, L.L.C. (Blue Marlin), a Maryland limited liability company, each owning a 50-percent interest.  Blue Marlin was organized to conduct a charter fishing activity (the business)[2] using what petitioner described as a "46-foot Post luxury cruiser" that petitioners

---

[2]Respondent agrees that the charter fishing activity constituted a trade or business within the meaning of sec. 162(a) during the year in issue.

purchased earlier that year.[3]  The amount of time petitioners participated in the business was recorded in a written log petitioner maintained, but that log was lost during petitioners' move from the Washington, D.C. area to Florida.  Using numerous receipts for expenditures made in connection with the business, petitioner reconstructed the amount of time petitioners participated in the business during 2003.  The evidence presented demonstrates that petitioners' participation in the business exceeded 100 hours during 2003.  Furthermore, we are satisfied that with minor exceptions during that year petitioners were the only individuals who participated in the business.

For Federal tax purposes Blue Marlin did not elect to be treated as an entity separate from petitioners.  See sec. 7701; sec. 301.7701-3(b), Proced. & Admin. Regs. (commonly referred to as the "check-the-box" regulations).  The income and expenses attributable to the business are reported on a Form 1065, U.S. Return of Partnership Income.  That return, which was not examined by respondent, shows income of $9,583, expenses totaling $74,161 (which includes depreciation of $26,173), and a net loss of $64,578.  The net loss from Blue Marlin is deducted on a Schedule E, Supplemental Income and Loss, included with petitioners' timely filed joint 2003 Federal income tax return

---

[3]Petitioners retrofitted the vessel with the necessary equipment to convert it into a fishing boat fit for charter.

and is taken into account in the $267,187 adjusted gross income reported on that return.

In the notice of deficiency respondent disallowed the deduction attributable to the loss from Blue Marlin. According to respondent, as far as petitioners are concerned, during 2003 the business was a passive activity because they did not materially participate in that business. Other adjustments made in the notice of deficiency are computational and need not be addressed.

## Discussion

Respondent relies upon section 469 to support the disallowance of the loss from Blue Marlin. That section generally disallows for the taxable year any passive activity loss. Sec. 469(a)(1). The term "passive activity loss" is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). A passive activity is any activity which involves the conduct of any trade or business and in which the taxpayer does not materially participate. Sec. 469(c)(1). For this purpose, a "trade or business" is generally defined as any activity in connection with a trade or business or any activity for the production of income under section 212. Sec. 469(c)(6).

A taxpayer is treated as materially participating in an activity only if the taxpayer is involved in the operations of the activity on a basis which is regular, continuous, and substantial. Sec. 469(h)(1). The participation of the taxpayer's spouse is taken into account in the determination of the extent to which a taxpayer materially participates in an activity. Sec. 469(h)(5).

The applicable regulations provide that if: (1) The individual participates in the activity for more than 500 hours during such year; or (2) the individual's participation in the activity for the taxable year constitutes substantially all of the participation in such activity of all individuals (including individuals who are not owners of interests in the activity) for such year; or (3) the individual participates in the activity for more than 100 hours during the taxable year, and such individual's participation in the activity for the taxable year is not less than the participation in the activity of any other individual (including individuals who are not owners of interests in the activity) for such year; or (4) the activity is a significant participation activity for the taxable year, and the individual's aggregate participation in all significant participation activities during such year exceeds 500 hours; or (5) the individual materially participated in the activity for any 5 taxable years (whether or not consecutive) during the 10

taxable years that immediately precede the taxable year; or (6) the activity is a personal service activity, and the individual materially participated in the activity for any 3 taxable years (whether or not consecutive) preceding the taxable year; or (7) based on all of the facts and circumstances, the individual participates in the activity on a regular, continuous, and substantial basis during such year, then the individual will be treated as materially participating in an activity for purposes of section 469.  Sec. 1.469-5T(a)(1) through (7), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988).

According to respondent, because the business was conducted through a limited liability company, petitioners are treated as limited partners in considering whether they materially participated in the business.  That being so, and relying upon section 469(h)(2) and section 1.469-5T(e)(1) and (2), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988),[4] respondent argues that they did not materially participate in the business because they have not established that their participation in the business during 2003 exceeded 500 hours.

---

[4]Sec. 469(h)(2) states, "Except as provided in regulations, no interest in a limited partnership as a limited partner shall be treated as an interest with respect to which a taxpayer materially participates."  As relevant here, sec. 1.469-5T(e)(1) and (2), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988), provides that as limited partner a taxpayer shall be treated as having materially participated in an activity only if the taxpayer participated in the activity for more than 500 hours during the taxable year.

We would be reluctant to find that they did, but for reasons discussed in <u>Garnett v. Commissioner</u>, 132 T.C. __, __ (2009) (slip op. at 22), such a finding is not necessary.  In <u>Garnett</u> we found the Commissioner's reliance upon section 469(h)(2) to be misplaced and held that the material participation of a taxpayer who participated in a business conducted through a limited liability company is determined with reference to any of the seven tests listed in section 1.469-5T(a)(1) through (7), Temporary Income Tax Regs., <u>supra</u>.

As noted, a taxpayer is treated as having materially participated in the activity if the taxpayer participates in the activity for more than 100 hours during the taxable year and the taxpayer's participation in the activity for the taxable year is not less than the participation of any other individual.  Sec. 1.469-5T(a)(3), Temporary Income Tax Regs., <u>supra</u>.  We are satisfied that petitioners participated in the business for more than 100 hours during 2003. We are further satisfied that their participation was not less than the participation of any other individual during that year.  See sec. 1.469-5T(a)(2), Temporary Income Tax Regs., <u>supra</u>.  It follows that petitioners materially participated in the business during 2003, and the deduction attributable to that business is not subject to limitation under section 469.

Respondent's disallowance of the deduction of the loss attributable to Blue Marlin is rejected.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.